**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1106
_____

MOHAMMAD ABDUL HASEM,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,
                                        Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A091 648 899)
Immigration Judge:  Honorable Margaret Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
**September 18, 2014**

Before: FUENTES, COWEN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: September 22, 2014)
_____

OPINION
_____

PER CURIAM

Mohamed Abdul Hasem petitions for review of an order of the Board of

Immigration Appeals ("BIA" or "Board"), which dismissed his appeal of an Immigration

Judge's ("IJ") final removal order.  We will deny the petition for review.

Hasem, a native of Bangladesh, became a lawful permanent resident of the United States in 1989. Hasem returned to Bangladesh in 1996. He testified that soon thereafter, his immigration documents were stolen. He reported the loss to the police, and later to the U.S. embassy, but he was unable to get new documents despite visiting the U.S. embassy "at least a hundred times." He remained in Bangladesh for over seven years. In mid-2003, he met someone who said he could help him get a travel document. He paid the person $6000 and obtained a travel document. He used that document to enter the United States on December 8, 2004. In June 2005, the Government charged him as removable because he was inadmissible at entry for not being in possession of a valid entry document. The Government alleged that he had abandoned his prior legal permanent residence in the United States. The Government later amended the charge to include an allegation that Hasem had procured his reentry permit by fraud.

After a hearing, an IJ determined that Hasem had abandoned his residency, was not credible, and had committed fraud in obtaining a reentry permit. The BIA dismissed his appeal in December 2009. In January 2010, Hasem filed a motion to reopen and reconsider with the BIA. He argued that the IJ's adverse credibility determination was partially based on his testimony that Immigration and Customs Enforcement ("ICE") had taken a briefcase from him when he was detained. Hasem had stated at his hearing in 2008 that the briefcase contained documents that would corroborate his claim that he had not abandoned his permanent residency. An ICE officer testified that there was no such briefcase. Hasem alleged that in June 2009, however, he received notice to pick up his

property from ICE and the briefcase was included. The BIA granted the motion to reopen and remanded the matter for further proceedings. The briefcase was opened and inventoried before the IJ, some documents therein were submitted into evidence, and another hearing was held. The IJ again sustained the charges of removability and ordered Hasem removed. The BIA dismissed his appeal, determining that even if Hasem were credible, the Government had met its burden of proving by clear, unequivocal, and convincing evidence that Hasem had abandoned his lawful permanent resident status. Hasem filed a petition for review.

Abandonment of LPR status

As the BIA properly stated, the Government has the burden of proving removability by clear, convincing, and unequivocal evidence. Woodby v. INS, 385 U.S. 276, 285-86 (1966); Khoshfahm v. Holder, 655 F.3d 1147, 1151 (9th Cir. 2011). To evaluate whether a lawful permanent resident has abandoned his status by traveling abroad, we consider whether the trips were relatively short, or if not short (as here), whether the petitioner had a continuous intent to return to the United States. Alaka v. Att'y Gen., 456 F.3d 88, 103 (3d Cir. 2006). The question of whether the petitioner had an uninterrupted intention to return to the United States is a factual one. Id. We may reverse the agency's factual findings only if no reasonable factfinder could make those findings based on the administrative record. See Malik v. Att'y Gen., 659 F.3d 253, 256 (3d Cir. 2011).

Hasem argues that the IJ was obligated to accept his testimony and evidence as

3

paramount. He asserts that he intended to return and points to his filing for citizenship in 1996[1] and for permanent resident status for his family members[2] as proof that he did everything that would be expected of someone who intended to return. He states that he remained in Bangladesh longer than intended only because he did not have the proper documents to return to the United States.

The BIA's determination that the Government met its burden is supported by the record. The Board noted that Hasem remained in Bangladesh for over seven years (from 1996 until 2004), and that he had no ties to the United States when he left—no real property, no bank account, no job. There was only "an apartment that was still leased in his name but where the rent was paid by others." BIA decision at 2. The Board contrasted this weak connection with his strong ties to Bangladesh, including his family (wife and four children) and the farm that the family owns there. It determined that he did not intend to return to the United States within a relatively short period of time. The BIA acknowledged that in 1996 Hasem had applied for naturalization and for permanent resident status for his family, and that he contacted the United States embassy in Bangladesh in 1997. However, it noted that he did not contact the embassy again until 2000, and the proof of that contact is questionable. We conclude that a reasonable

---

[1] The briefcase contained a "Notice of Naturalization Interview" postmarked May 20, 1996, directing Hasem to appear on July 8, 1996. Hasem entered Bangladesh on May 27, 1996, to care for his sick wife, with the intent to remain for two or two and a half months, but he never completed the naturalization process.

[2] Hasem did not have any copies of these petitions.

4

factfinder could find that Hasem did not intend to return to the United States and that he abandoned his legal permanent resident status; we thus may not overturn this factual finding.

Fraud

Hasem also argues in his brief that the BIA erred in affirming the IJ's determination that he committed fraud when he used a false reentry permit to enter the United States. The BIA agreed with the IJ that Hasem was removable for entering the United States without a valid entry document and for procuring admission by fraud. Hasem asserts that after trying to deal with the consulate in Bangladesh, he paid someone $6000 to help him return to the United States by what he thought were legal means. He contends that he has little education, cannot read or speak English, and believed that the man he gave money to would hire a lawyer to get him a legal reentry permit.

The IJ concluded that Hasem's belief that the reentry permit was obtained legally was undermined by his assertions that he had been unable to obtain a travel document despite visiting the United States Embassy over a hundred times in Bangladesh. The IJ found that Hasem paid money in excess of any usual application fee. The BIA noted that the application for the reentry permit contained a number of false representations, e.g., the address, the reason for his trip, and the assertion that he was living in the United States at the time he filed the application. A.R. 6, 785-87. The BIA thought his claims of innocently hiring someone to obtain the documents were not persuasive or credible. The Board noted that Hasem's truthful testimony regarding the existence of the briefcase had

5

no bearing on the IJ's adverse credibility finding as the ultimate finding was not based on inconsistencies in the testimony regarding the briefcase.

The IJ's adverse credibility finding, upheld by the Board, is supported in the record by Hasem's evasiveness and inconsistent testimony, see IJ's Oct. 27, 2011 Dec. at 10-12. A reasonable factfinder could find by clear, convincing, and unequivocal evidence that he procured the reentry permit by fraud. See Alhuay v. U.S. Att'y Gen., 661 F.3d 534, 546 n.12 (11th Cir. 2011) (reviewing fraud finding under the substantial evidence test). For the foregoing reasons, we will deny the petition for review.